UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:16-CV-133-GNS

AMBER MCINTOSH BRADFORD, INDIVIDUALLY AND	PLAINTIFFS
AS ADMINISTRATOR FOR THE ESTATE OF EMMA
STRAWSER,

AND

REYNALDO LOPEZ, INDIVIDUALLY AND AS
ADMINISTRATOR FOR THE ESTATE OF XAVIER
LOPEZ,

AND

MARIA RODRIGUEZ, INDIVIDUAL AND AS
ADMINISTRATOR OF THE ESTATE OF TINA
RODRIGUEZ

v.

UNITED STATES OF AMERICA,	DEFENDANTS

AND

PUBLIC GUARDIAN ADMINISTRATOR OF
MCCRACKEN COUNTY AS ADMINISTRATOR
OF THE ESTATE OF FRANK ROSARIO

**OPINION AND ORDER**

Judge Greg N. Stivers referred this matter to Magistrate Judge Lanny King for resolution of all discovery issues. (Docket # 11).

Defendant, the United States of America (the "United States"), filed a Motion for Leave to File Contribution Claim against Co-Defendant, the Estate of Frank Rosario ("Rosario"). (Docket # 33). Rosario filed his Response (Docket # 35) and the United States filed its Reply (Docket # 36). This Motion is now ripe for adjudication. For reasons detailed below, the United States' Motion is GRANTED.

1

**Background**

This case arises from a boating accident that occurred on August 21, 2015, on the Ohio River in McCracken County, Kentucky. After dark that evening, Rosario operated his boat down the river and over Dam 52. The boat capsized and drowned Rosario and three of his passengers. On August 17, 2016, the administrators of the estates of the three drowned passengers filed suit against Rosario and the United States. (Docket # 1). Both defendants filed Answers to the Complaint. (Dockets # 8, 10). Rosario asserted a crossclaim against the United States. (Docket # 10). At that time, the United States did not assert any crossclaims against Rosario. (Docket # 8).

On March 21, 2017, this Court entered a scheduling Order, which provided, among other things, that all amendments to the pleadings must be filed by July 1, 2017. (Docket # 18). Following a settlement conference held on October 17, 2017, the United States reached a settlement with the Plaintiffs. (Dockets # 28, 29). On December 4, 2017, Judge Stivers entered an Agreed Order of Partial Dismissal, and dismissed, with prejudice, the Plaintiffs' causes of action against both Rosario and the United States. (Docket # 32).

On February 20, 2018, the United States filed the present Motion for Leave to File Contribution Claim against Rosario. (Docket # 33). The United States requests this Court to allow it to file its contribution claim now that the Plaintiffs' claims were dismissed with prejudice against both the United States and Rosario.

**Leave to File a Counterclaim for Contribution**

Under Federal Rule of Civil Procedure 13(e), the Court may "permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." FED. R. CIV. P. 13(e). The standard applicable to amendments under Rule 15 is used to determine whether leave to file a counterclaim under Rule 13(e) should be

permitted. *Hi-Lex Controls Inc. v. Blue Cross and Blue Shield of Mich.*, 11-12557, 2013 WL 228097, at *1 (E.D. Mich. Jan. 22, 2013) (citing *Kuschner v. Nationwide Credit, Inc.,* 256 F.R.D. 684, 689 (E.D. Cal. 2009); *see also Magnesystems, Inc. v. Nikken, Inc.,* 933 F. Supp. 944, 947 (C.D. Cal. 1996) ("Courts have considered Federal Rule 13 in conjunction with Federal Rule 15, applying factors to consider for leave to amend to counterclaims.")).

Federal Rule of Civil Procedure 15 (a) provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments. *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (citations omitted) (internal quotation marks omitted). The Sixth Circuit has identified several factors that may support the denial of a motion to amend: undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *ABCCO, L.L.C. v. Mich. Reg'l Council of Carpenters Fringe Benefit Funds*, 10-14303, 2011 WL 13221052, at *2 (E.D. Mich. Apr. 26, 2011) (citing *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)). Delay alone, regardless of its length, is not enough to bar the amendment if the other party is not prejudiced. *Id*.

In this case, none of the above factors are present to support a denial of the United States' Motion. The United States' claim for contribution arises from the same transaction or occurrence as the claim(s) alleged in the Plaintiffs' case in chief. Additionally, the claim for contribution did not accrue until after the United States settled with all of the Plaintiffs and when the Plaintiffs were dismissed from the case with prejudice[1]. *See Leonard v. Dorsey & Whitney Ltd. Liab.*

---

[1] Although the United States may have brought a crossclaim for contribution earlier in this litigation, its claim for contribution did not actually accrue until it settled with all of the Plaintiffs in December 2017.

*P'ship*, 553 F.3d 609, 611 (8th Cir. 2009). Further, there was no undue delay in the United States' request. After the United States settled with all of the Plaintiffs in December 2017, the United States attempted to reach a settlement with Rosario and informed Rosario that it may pursue a contribution claim.

Rosario contends that if the United States is permitted to pursue its contribution claim against the estate of Rosario, it will, at best, end up with an uncollectible judgment. Rosario asserts that he had no liability insurance applicable to the accident, he owned no real property, and his personal property consisted of a nine-year old Chevrolet van and his personal effects. However, at this stage, the futility analysis is whether the United States has a cognizable contribution claim against Rosario rather than whether the claim for contribution is ultimately recoverable.

A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Moore v. Hopkins Cty.*, Ky., Civil Action No. 4:17cv-00039-JHM, 2017 U.S. Dist. LEXIS 113008, at *8 (W.D. Ky. July 19, 2017). Under admiralty law, non-settling defendants (i.e. the United States) retain their right of proportionate contribution, which they may exercise against other non-settling defendants. *Becker v. Crounse Corp.*, 822 F. Supp. 386, 395 (W.D. Ky. 1993).[2] Both wrongful death and survival actions are available under admiralty law. *See Billingsley v. Alberici Constructors, Inc.*, 5:13-CV-00084-TBR, 2014 WL 1248019 (W.D. Ky. Mar. 25, 2014); *Anderson v. Whittaker Corp.,* 692 F. Supp. 764, 773 (W.D. Mich. 1988), *aff'd in relevant part by* 894 F.2d 804 (6th Cir. 1990). The United States has met its burden in showing that its contribution claim would not be futile.

---

[2] It is undisputed that the accident occurred on the Ohio River, which is part of the navigable waters of the United States. (Dockets # 1, 8, 10). *Becker v. Crounse Corp.*, 822 F. Supp. 386, 389 (W.D. Ky. 1993) ("A claim is cognizable in admiralty if: (1) the alleged wrong occurs on navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity.").

Rosario argues that the addition of a contribution claim multiplies the issues that are left to be resolved. Rosario asserts that if the United States is permitted to assert a contribution claim against Rosario, evidence will have to be submitted to the Court as to the damages in each of the five claims asserted by the Plaintiffs, and there will have to be an apportionment of fault between the United States and Rosario as to each of those claims. Rosario fails to cite any case in which the court found that a contribution claim would be disallowed because it complicated a case. Additionally, whether a claim will complicate a case is not one of the factors that a court considers when determining whether to allow an amended counterclaim.

Lastly, under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified only for good cause and with the judge's consent. FED. R. CIV. P. 16(b). The United States contends that its contribution claim did not accrue until the settlement payment was made and Plaintiffs' claims against both the United States and Rosario were dismissed with prejudice. For the reasons stated above, the United States' Motion is not untimely. Accordingly, there is no reason to disallow the modification of the scheduling order.

## CONCLUSION

IT IS HEREBY ORDERED that the United States' Motion for Leave to File a Contribution Claim against the Estate of Rosario is GRANTED. The United States will file its contribution claim within 30 days of entry of this order.

Lanny King, Magistrate Judge
United States District Court

March 27, 2018